UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JONATHAN FAIRCHILD and <br> TERRENCE MCNAMARA, <br><br> Plaintiffs, <br><br> v. <br><br> EISAI, INC., <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : No. 3:11cv452 (MRK) <br> : <br> : <br> : <br> : |

## RULING AND ORDER

Plaintiffs Jonathan Fairchild and Terrence McNamara have sued Defendant Eisai, Inc. ("Eisai") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Plaintiffs have filed this case pursuant to the FLSA's provision for opt-in class actions. *See* 29 U.S.C. § 216(b). Plaintiffs allege that they and other pharmaceutical sales representatives employed by Eisai were unlawfully classified by Eisai as exempt from laws requiring overtime pay when in fact they were non-exempt and entitled to overtime pay.

Currently pending before the Court is Eisai's Motion to Transfer Venue [doc. # 21] pursuant to 28 U.S.C. § 1404(a). Eisai claims that the District of New Jersey has stronger ties to the case than the District of Connecticut; that the vast majority of witnesses and documents relevant to the case are based in New Jersey; that New Jersey is more convenient for the putative nationwide class; and that because this is a putative class action, the plaintiff's choice of forum is entitled to less deference than would normally be the case. Plaintiffs oppose the motion, arguing that their choice of forum is entitled to substantial deference; that "[t]here is a clear Connecticut nexus in this matter," Pl.'s Resp. to Mot. to Transfer [doc. # 29] at 2; that Eisai has not clearly demonstrated that any inconvenience would result if the case proceeds in Connecticut; that Eisai

does not contend that any of its witnesses would refuse or be unable to testify at a trial in Connecticut; and that a transfer would delay the provision of notice for potential opt-in plaintiffs and waste time, energy, and money.

Under § 1404(a), a district court must undertake a two-part inquiry in determining whether transfer of venue is appropriate. First, the court must determine whether the action sought to be transferred is one that could originally have been brought in the transferee district. *See* 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district or division where it might have been brought."). Second, the court must evaluate whether transfer is warranted, considering several specific factors related to "the convenience of the parties and witnesses [and] in the interest of justice." *Id.* Section 1404(a) gives district courts "considerable discretion . . . to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Red Bull Assocs. v. Best Western Int'l, Inc.*, 862 F.2d 963, 967 (2d Cir. 1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In considering whether to transfer venue, relevant factors include:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 271 (D. Conn. 2006) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-107 (2d Cir. 2006)); *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). This Court and other district courts have identified two additional factors to consider when determining a motion to transfer: "(1) the forum's familiarity with the governing law; and (2) trial efficiency and the interest of justice, based on the totality of the circumstances." *Jones*, 463 F. Supp. 2d at 271 (quotation marks and citations omitted); *see Gulf Oil*, 330 U.S. at

508-09. Because Eisai seeks to transfer venue, it bears the burden of justifying the transfer. *See D.H. Blair & Co.*, 462 F.3d at 106; *Hanninen v. Fedoravitch*, 583 F. Supp. 2d 322, 331 (D. Conn. 2008). "Absent a clear and convincing showing that the balance of convenience strongly favors the alternate forum . . . discretionary transfers are not favored." *Xiu Feng Li v. Hock*, 371 F. App'x 171, 175 (2d Cir. 2010) (summary order) (alteration in original) (quotation marks omitted) (quoting *Ayers v. Arabian American Oil Co.*, 571 F. Supp. 707, 709 (S.D.N.Y. 1983)); *see New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010) ("[T]he party requesting transfer carries the 'burden of making out a strong case for transfer.' It is therefore appropriate that the district courts in [the Second] Circuit have consistently applied the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion." (citation omitted)).

Neither party disputes that this action could have been brought in the District of New Jersey, and thus the first requirement for transfer under § 1404(a) is satisfied. Therefore, the Court turns to the factors that must be considered in the second part of the inquiry.

The Court first considers Plaintiffs' choice of a Connecticut forum. Ordinarily, a plaintiff's choice of forum is "given great weight" in the analysis required by § 1404(a). *D.H. Blair & Co.*, 462 F.3d at 107. In this case, the named Plaintiffs are both Connecticut residents who worked for Eisai in Connecticut, and ordinarily, the Court would give their choice of forum significant, though not controlling, weight. However, Plaintiffs seek to bring this case not only as an individual action, but also on behalf of all other similarly situated current and former employees of Eisai – a large potential class. When a plaintiff elects to bring his or her lawsuit as a class action, the plaintiff's choice of forum is entitled to less weight. *See In re Warrick*, 70 F.3d 736, 741 & n.7 (2d Cir. 1995) ("It is true . . . that the plaintiff's choice of forum is a less

significant consideration in a (here, putative) class action than in an individual action."); *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006) ("[I]n class actions less weight is given to the plaintiff's choice." (quotation marks omitted)). As this Court has previously explained, an individual plaintiff's choice of forum carries less weight in a class action because such a case involves "numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim." *Jones*, 463 F. Supp. 2d at 274 (quotation marks omitted) (quoting *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d at 398). In *Jones*, the Court concluded that the plaintiff's choice of Connecticut as a forum was "entitled to much less weight than it otherwise might receive" because "[b]arely one percent of [the class was] located in Connecticut and ten times as many [members of the class were] located in Illinois as in Connecticut." *Id.* The Court contrasted Ms. Jones's case with *In re Warrick*, in which a "disproportionate share of the putative class members reside[d] in [the] chosen forum." *In re Warrick*, 70 F.3d at 741 n.7; *see Jones*, 463 F. Supp. 2d at 274. This case falls somewhere in between *Jones* and *In re Warrick*. As Eisai notes, nearly three times as many putative class members (sixty, or 4.92% of the putative class members) reside in New Jersey as do in Connecticut (twenty-one, or 1.72%). However, as Plaintiffs note, that ratio is not as dramatic as the one in *Jones*, and unlike Ms. Jones, both Mr. Fairchild and Mr. McNamara reside in Connecticut. *See Jones*, 463 F. Supp. 2d at 278 (noting that Ms. Jones resided in Massachusetts). Plaintiffs also note that of the six current Plaintiffs and opt-ins, none lived or worked in New Jersey. In any case, even if Plaintiffs' choice of Connecticut as the forum for their FLSA collective action is entitled to somewhat less weight than it would otherwise receive, this factor tips at least slightly in Plaintiffs' favor. *See id.* at 274.

With regard to the remaining factors, Eisai has not demonstrated that those factors weigh in favor of this case being tried in New Jersey rather than Connecticut. In its briefs, Eisai emphasizes that several potential witnesses – all Eisai employees – are New Jersey residents. If Plaintiffs wish to depose those witnesses, they will have to travel to New Jersey to do so. With regard to trial, Eisai has identified several of its own central employees who would have to travel from New Jersey to testify. However, Plaintiffs note that the individuals other than the plaintiffs who are most likely to have information relevant to the plaintiffs' primary job duties are the district managers who live and work in the areas where the plaintiffs lived and worked, including areas closer to Connecticut than to New Jersey. While New Jersey may be a more convenient forum for many of Eisai's employee-witnesses, the Court cannot agree that this factor "weighs decidedly in favor of New Jersey." Mem. in Supp. of Mot. to Transfer [doc. # 21] at 11.

Eisai has not identified any party- or non-party witnesses who would refuse to testify absent a subpoena – let alone produced affidavits or other evidence indicating that anticipated witnesses are unwilling to testify. But even if the three witnesses identified by Eisai who *reside* outside a 100-mile-radius of this Court would have to be subpoenaed, those witnesses are within the subpoena reach of this Court because of their places of employment. *See* Fed. R. Civ. P. 45(b)(2)(A)-(B); Fed. R. Civ. P. 45(c)(3)(A)(ii); Crocco Decl. [doc. # 21-2] ¶¶ 10, 15, 17 (noting the places of employment of Lorrie Albinson (Connecticut), Parveen Hyder (Woodcliff Lake, New Jersey), and Eve Costopoulos (Woodcliff Lake, New Jersey)).

As for the convenience of the parties, obviously the District of New Jersey would be a more convenient forum for Defendant. However, the majority of named Plaintiffs and current opt-ins are Connecticut residents, and the vast majority of all potential opt-in plaintiffs reside in neither Connecticut nor New Jersey. Similarly, the locus of operative facts in this case is split

between New Jersey – the location of Eisai's corporate headquarters, where, according to Eisai, all the relevant decisions in this case occurred – and the various districts in which the plaintiffs worked. In addition, although Eisai's documents are located in New Jersey, Eisai does not dispute that the plaintiffs' own records are located where the plaintiffs reside. Moreover, records and documents can be copied and mailed. Thus, those factors do not weigh in favor of either the District of New Jersey or the District of Connecticut.

Plaintiffs argue – and Eisai does not dispute – that Eisai has far greater financial resources than either of the current named Plaintiffs as well as any other employee or former employee of Eisai that might opt in to the action. Insofar as transfer to the District of New Jersey "would not dramatically increase the costs associated with pursuing this litigation as a class action lawsuit," *Jones*, 463 F. Supp. 2d at 278, the concerns related to the relative means of the parties are somewhat mitigated, and this factor thus tips just slightly in Plaintiffs' favor.

Finally, Eisai has not established that the interests of justice would be better served by transfer. Both forums in this case are "equally familiar with the governing federal law." *Id*. Eisai maintains, though, that justice would be better served by a transfer of venue to the District of New Jersey because of New Jersey's strong ties to the case, citing the principle that "[t]he burden of jury duty 'ought not be imposed upon the people of a community which has no relation to the litigation.'" Mem. in Supp. of Mot. to Transfer [doc. # 21] at 14 (quoting *Ferens v. John Deere Co.*, 494 U.S. 516, 529 (1990)). But Eisai does not – and cannot – claim that Connecticut has *no* connection to this case, and Eisai does not even attempt to argue that transfer to the District of New Jersey would promote trial efficiency. *See id.*

Having considered the relevant factors, the Court concludes that Eisai has not made a clear and convincing showing that transfer should be made to the United States District Court for the District of New Jersey. Eisai's Motion to Transfer Venue [doc. # 21] is thus DENIED.

                                                        IT IS SO ORDERED.

                                /s/           Mark R. Kravitz
                                            United States District Judge

**Dated at New Haven, Connecticut: August 4, 2011.**